**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLACIAL CAPITAL, LLC and TRSE HOLDINGS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE PROVINCE OF BUENOS AIRES, <br><br> Defendant. | No. 24-cv- <br><br> **COMPLAINT** |

Plaintiffs Glacial Capital, LLC and TRSE Holdings LLC (the "**Plaintiffs**"), by and through their attorneys, for their Complaint against defendant the Province of Buenos Aires (the "**Province**"), allege as follows:

**INTRODUCTION**

1. This is a breach of contract action arising from the Province's failure to make contractually-mandated principal and interest payments on certain of Plaintiffs' beneficial holdings of 10.875% debt securities issued by the Province in 2011(the "**Notes**" or "**Debt Securities**"). The subject of this action is Notes in the aggregate principal amount of $77,639,666[1] beneficially owned by the Plaintiffs (the "**Subject Notes**"). The Notes are governed by (i) an indenture dated as of January 12, 2006 by and between The Bank of New York, as Trustee, and the Province as Issuer (the "**Indenture**"), a true and accurate copy of which is attached as Exhibit 1 hereto, (ii) the

---

[1] This is the principal amount of the Notes that are the subject of this action after subtracting the principal payments that were made by the Province in January 2019 and January 2020.

global note issued by the Province under the Indenture, the form of which is set forth in exhibit A to the Indenture (the "**Global Note**"), and (iii) the terms and conditions of the Notes, the form of which is set forth in exhibit C to the Indenture (the "**Terms and Conditions**"), which apply to the Notes and are set forth on the reverse of the Global Note.

2. Interest amounts due and owing on the Notes since July 26, 2020 have not been paid, and an Event of Default arose under the Indenture as of August 25, 2020—*i.e.* 30 days from the date the installment of interest came due on July 26, 2020. In addition, another Event of Default under the Indenture occurred on February 5, 2021—*i.e.* 10 days from the date the principal payment on the Notes came due on January 26, 2021 and was not paid by the Province. These Events of Default have not been cured and are continuing.

3. In this action, Plaintiffs seek payment of all unpaid principal on the Subject Notes, as well as all accrued and unpaid interest, interest on any overdue installments of interest, all other amounts that are currently due and payable, all amounts that become due between now and the entry of judgment in this action and post-judgment interest from the time judgment is entered until payment-in-full is made on the Subject Notes.

4. Plaintiffs have standing to bring this action. Pursuant to Section 4.8 of the Indenture, the Holder of the Notes has the "absolute and unconditional" right: (i) to receive payment of the principal and interest on the Notes, and (ii) to institute suit for the enforcement of such payment. With respect to Notes beneficially owned by them, Plaintiffs have the same right as the Holder to bring this action, and pursue any other remedies: "The Province expressly acknowledges, with respect to the right of any Holder to pursue a remedy under the Indenture or the Securities, the right of any beneficial owner of Securities to pursue such remedy with respect to the portion of the Global Security that represents such beneficial owner's interest in this Security

as if Certificated Securities had been issued to such beneficial owner." Indenture at Ex. C § 17 (on page C-16 of the document). The Indenture expressly provides that such rights cannot be impaired without Plaintiffs' consent which Plaintiffs have not given.[2]

## PARTIES

5. Plaintiff Glacial Capital, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904. In this action, Plaintiff Glacial Capital, LLC seeks recovery on Notes it beneficially owns in the original principal amount of $102,720,000, of which $34,240,000 in principal amount remains outstanding.

6. Plaintiff TRSE Holdings LLC is a limited liability company organized and existing under the laws of the State of Delaware with a registered office address at c/o United Corporate Services, Inc., 874 Walker Rd, Suite C, Dover, DE 19904. In this action, Plaintiff TRSE Holdings LLC seeks recovery on Notes it beneficially owns in the original principal amount of $130,198,998, of which $43,399,666 in principal amount remains outstanding.

7. Defendant the Province of Buenos Aires, the issuer of the Notes, is a political subdivision of the Republic of Argentina, as defined by the Foreign Sovereign Immunities Act ("**FSIA**"), 28 U.S.C. § 1603(b).

---

[2] The Province has previously conceded in a now-dismissed action seeking recovery on notes issued under the Indenture that where the Notes have reached maturity, the complaint "fall[[s]] within the scope of Section 4.8." *Amia Capital Macro Master Fund Limited et al v. The Province of Buenos Aires,* Case 1:21-cv-02488-ER, (S.D.N.Y.) Doc. 20 at fn. 5 p. 4. Plaintiffs reserve all rights in connection with the Province's prior positions.
.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1330 because the Province is a political subdivision of a foreign state, *i.e.*, the Republic of Argentina.

9. The Court also has subject-matter jurisdiction over this action pursuant to section 9.7 of the Indenture, in which the Province explicitly and unconditionally waived sovereign immunity with respect to obligations under the Indenture or the Debt Securities. This section provides, in relevant part:

> To the extent that the Province may in any jurisdiction claim for itself or its assets or revenues (except for properties of the public domain located in the Republic of Argentina or dedicated to the purpose of an essential public service) sovereign or other immunity from suit, execution, attachment (whether in aid of execution, before judgment or otherwise) or other legal process, the Province agrees not to claim and irrevocably waives such immunity in respect of its obligations under this Indenture or the Debt Securities of any Series to the fullest extent permitted by the laws of such jurisdiction. Without limiting the generality of the foregoing, the Province agrees that the foregoing waiver of immunity shall have the fullest scope permitted under the United States Foreign Sovereign Immunities Act of 1976, as amended (the "Immunities Act"), and is intended to be irrevocable for purposes of such Act.

Indenture at § 9.7. A similar waiver is included in section 13 of the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-11 of the document) ("The Province irrevocably waives immunity (including sovereign immunity) from jurisdiction to which it might otherwise be entitled in any such suit, action or proceeding arising out of or relating to the Securities or the Indenture. Without limiting the generality of the foregoing, the Province agrees that the waivers set forth in this Paragraph 13 shall be to the fullest extent permitted under the U.S. Foreign Sovereign Immunities Act of 1976 and are intended to be irrevocable for purposes of such Act.").

10. This Court has jurisdiction over the Province under the FSIA because this action is based upon a commercial activity of a political subdivision of a foreign state within the United States and/or outside the United States with a direct effect in the United States (28 U.S.C.

§ 1605(a)(2)) and, in addition, the Province has explicitly waived sovereign immunity, as set forth in paragraph 8 above.

11. This Court also has jurisdiction over the Province pursuant to section 9.7 of the Indenture, which provides, in relevant part:

> The Province irrevocably submits to the non-exclusive jurisdiction of any U.S. federal or New York state court sitting in the Borough of Manhattan, the City of New York, and any appellate court from any court thereof, in any suit, action or proceeding arising out of or relating to the Debt Securities of a Series or the Indenture and irrevocably agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in such U.S. federal or New York state court.

Indenture at § 9.7. The same text appears in section 13 of the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-10 of the document).

12. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the property that is the subject of the action is situated in this District. Alternatively, to the extent there is no judicial district in which an action may otherwise be brought, venue is proper in this District because the Province is subject to this Court's personal jurisdiction. Venue is also proper in this District by agreement of the Province pursuant to section 9.7 of the Indenture, which provides, in relevant part:

> The Province also irrevocably waives, to the fullest extent that it may effectively do so, any objection to venue or defense of an inconvenient forum to the maintenance of any such suit, action or proceeding in such jurisdiction.

Indenture at § 9.7. The same text appears in section 13 of the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-10 of the document).

13. In the Indenture, Section 9.7 "The Province has appointed Banco de la Provincia de Buenos Aires, with an office on the date hereof at 609 Fifth Avenue, New York, New York 10017, United States of America, as its agent . . . to receive on behalf of itself and its property service of any summons and complaint and other process which may be served in any such suit,

action or proceeding, except any suit, action or proceeding arising out of U.S. federal or state securities laws." Indenture at § 9.7. The same appointment, with the same identified office address, is made in the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-10 of the document). Banco de la Provincia de Buenos Aires, in turn, appointed Corporation Service Company as its agent for purposes of service of process.

14. Pursuant to Section 9.7 of the Indenture, "THIS INDENTURE AND THE DEBT SECURITIES OF ALL SERIES SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK." Indenture at § 9.7 (Capitalization in original).

## FACTUAL ALLEGATIONS

15. The Plaintiffs beneficially own the Subject Notes. The Province is in default of its obligation to make principal and interest payments required under the terms of the Notes, as explained more fully below.

16. In 2011, the Province issued the Notes. The Notes are denominated in US dollars, accrue interest on principal at an annual interest rate of 10.875%, and matured on January 26, 2021. The Notes provide for (i) payment of interest on January 26 and July 26 of each year and (ii) payment of principal in three installments: one-third on January 26, 2019, one-third on January 26, 2020[3] and one-third on January 26, 2021. Indenture at Ex. A (Global Note) and Ex. C (Terms and Conditions).

---

[3] The installments of principal which came due in January 2019 and January 2020 were paid by the Province.

17. The Notes provide for the payment of 10.875% "**Contract Interest**" on any principal outstanding. "**Statutory Interest**" on overdue, unpaid Contract Interest accrues at 9% pursuant to N.Y.C.P.L.R. § 5004.

18. Indenture Section 3.1 provides that "The Province covenants and agrees that it will duly and punctually pay or cause to be paid the principal of and interest (including Additional Amounts) on each of the Debt Securities and any other payments to be made by the Province under the Debt Securities and this Indenture to the Trustee, at the place or places, at the respective times and in the manner provided in the Debt Securities and this Indenture." Indenture at § 3.1.

19. Pursuant to section 4.1 of the Indenture and section 5 of the Terms and Conditions, an Event of Default occurs when "(a) The Province fails to pay any principal due on any Series of Debt Securities when due and payable for 10 days after the applicable Payment Date; or (b) The Province fails to pay any interest or Additional Amounts due on any Series of Debt Securities when due and payable for 30 days after the applicable Payment Date. *See* Indenture at § 4.1.

20. Beginning on July 26, 2020 and continuing to the date hereof, the Province has failed to make interest payments contractually required under the terms of the Notes. The Province also failed to make the principal payment due on the Notes on January 26, 2021.

21. The Province's failure to pay the principal and interest amounts due and owing on the Notes is a continuing Event of Default under the Indenture and the Notes.

22. Section 4.8 of the Indenture provides that the Holder of the Notes has the "right, which is absolute and unconditional, to receive payment of the principal and interest on (including Additional Amounts) its Debt Security on the stated maturity date for such payment … and to institute suit for the enforcement of any such payment, and such right shall not be impaired without the consent of such Holder." Indenture at § 4.8. Plaintiffs have the same right as the Holder to

bring this action, and pursue any other remedies: "The Province expressly acknowledges, with respect to the right of any Holder to pursue a remedy under the Indenture or the Securities, the right of any beneficial owner of Securities to pursue such remedy with respect to the portion of the Global Security that represents such beneficial owner's interest in this Security as if Certificated Securities had been issued to such beneficial owner." Indenture at Ex. C § 17 (on page C-16 of the document).

## **CLAIM FOR RELIEF**
(Breach of Contract)

23. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 22.

24. The Province is a party to the Indenture and the Notes.

25. Beginning on July 26, 2020, and continuing thereafter to this day, the Province has failed to make interest payments due to Plaintiffs as required by the terms of the Indenture and the Notes.

26. The Province breached the Indenture and Notes by failing to make the payments of Contract Interest which came due on July 26, 2020, January 26, 2021, July 26, 2021, January 26, 2022, July 26, 2022, January 26, 2023, July 26, 2023, and January 26, 2024. As more than 30 days have passed since these amounts became due and payable, and the Province has not yet paid such amounts, an Event of Default has occurred under the terms of the Notes.

27. The Province also breached the Indenture and the Notes by failing to make the principal payment due on January 26, 2021. As more than 10 days have passed since these amounts became due and payable, and the Province has not yet paid such amounts, an Event of Default has occurred under the terms of the Notes.

28. As a result of the Province's breaches, with respect to the Subject Notes, it owes Plaintiff Glacial Capital, LLC the principal amount of $34,240,000, plus all unpaid Contract

Interest and Statutory Interest accrued to date, together with all other amounts that are payable under the terms of the Indenture or the Notes and any and all amounts that become due between now and entry of judgment in this action on the Subject Notes.

29. As a result of the Province's breaches, with respect to the Subject Notes, it owes Plaintiff TRSE Holdings LLC the principal amount of $43,399,666, plus all unpaid Contract Interest and Statutory Interest accrued to date, together with all other amounts that are payable under the terms of the Indenture or the Notes and any and all amounts that become due between now and entry of judgment in this action on the Subject Notes.

## **REQUEST FOR RELIEF**

Plaintiffs demand judgment against the Province, as follows:

a. A money judgment in favor of Plaintiff Glacial Capital, LLC in an amount equal to the principal amount of $34,240,000 plus all unpaid Contract Interest and Statutory Interest accrued through the date judgment is entered, together with all other amounts that are payable under the terms of the Indenture or the Notes and any and all amounts that become due between now and entry of judgment in this action on the Subject Notes beneficially owned by Glacial Capital, LLC.

b. A money judgment in favor of Plaintiff TRSE Holdings LLC in an amount equal to the principal amount $43,399,666 plus all unpaid Contract Interest and Statutory Interest accrued through the date judgment is entered, together with all other amounts that are payable under the terms of the Indenture or the Notes and any and all amounts that become due between now and entry of judgment in this action on the Subject Notes beneficially owned by TRSE Holdings LLC.

c. All costs, attorneys' fees, and such other and further relief as the Court shall

deem just and proper.

Dated: May 28, 2024                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


/s/ *Dennis H. Hranitzky*
Dennis H. Hranitzky
dennishranitzky@quinnemanuel.com
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
Tel: (801) 515-7300

Debra D. O'Gorman
debraogorman@quinnemanuel.com
51 Madison Avenue
New York, NY 10010
Tel: (212) 849-7000
*Attorneys for Plaintiffs*